UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
ALAN R. MCGLADE, :
:
:
Plaintiff, :
: 22-cv-4637 (LJL)
-v- :
: OPINION AND ORDER
:
MMA GLOBAL HOLDINGS, CORP., :
FLX MEDIA, INC., EAGLE FC, INC., MMAx LLC, :
ELIOT TAWIL, AKHMED G. BILALOV, and MAXIM :
V. FINSKIY, :
:
Defendants. :
:
-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/2022

LEWIS J. LIMAN, United States District Judge:

Defendants move, pursuant to Federal Rule of Civil Procedure 45(d)(3), to quash the subpoenas served by Plaintiff Alan McGlade ("Plaintiff" or "McGlade") upon non-parties Vladislaya Finskaya ("Finskaya") and Valex Holdings, LLC ("Valex"). Dkt. No. 44. Plaintiff opposes the motion. Dkt. No. 46. Defendants have submitted a reply memorandum of law. Dkt. No. 47.

## BACKGROUND

The complaint in this action names four corporate defendants and three individual defendants. Dkt. No. 1. The corporate defendants are alleged to be interconnected entities engaged in the business of staging, producing, and promoting mixed martial arts. *Id*. ¶ 18. They are MMA Global Holdings, Corp. ("MMA Global"), FLX Media, Inc., Eagle FC, Inc., and MMAx LLC. The individual defendants are alleged to be associated with the corporate defendants. *Id*. ¶¶ 35–46. Eliot Tawil ("Tawil") is the current chairman and Chief Executive Officer of MMA Global and a major shareholder in each of the corporate defendants. *Id*. ¶¶ 35–

36. Maxim F. Finskiy ("Finskiy") is alleged to have been an advisor to the board of directors of the corporate defendants and to be a major shareholder in each of the corporate defendants. *Id*. ¶ 44. Akhmed G. Bilalov ("Bilalov") is alleged to be a major shareholder in each of the corporate defendants. *Id*. ¶ 39. Plaintiff was the Chief Executive Officer and Chairman of the Board of Directors of FLX Media and the Chief Operating Officer of Eagle FC until his termination on or about February 3, 2022. *Id*. ¶ 11. He was also a director on the Board of Directors of MMA Global. *Id*. ¶ 13. He brings claims under the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL"). *See generally id*. He alleges that the corporate defendants and the individual defendants each constitute employers under FLSA and the NYLL and that he constitutes an employee. *Id*.

## DISCUSSION

Finskiy, who resides in Florida and is battling cancer, is married to Finskaya. *See* Dkt. No. 44 at 2. Finskaya is the principal of Valex, which loaned money to the corporate defendants. *Id*. Valex loaned money to MMA Global pursuant to a promissory note dated October 8, 2020, which was signed by Tawil as chairman of MMA Global, and by Finskaya on behalf of Valex. Dkt. No. 44-5. Valex named Finskiya as an uncompensated advisor to the Board of Directors of the corporate defendants to monitor and represent Valex's interests as lender until the principal borrowed under the Note was repaid. The notes have not been repaid. See Dkt. No. 44 at 2; Dkt. No. 26-4 (Finskiy declaration).

The subpoena to Vladislaya calls for: "Any and all documents relating to: your role in Valex Holdings, LLC, Relationship with each of the Defendants, involvement with Corporate Defendants, business or financial transactions with Defendants, the source of Valex Holdings LLC's funding, the purpose of Valex Holdings LLC and all communications with Defendants (such as email and text)." Dkt. No. 44-1 at ECF p. 1. The subpoena to Valex is for a deponent

to testify pursuant to Federal Rule of Civil Procedure 30(b)(6) on 26 different categories including Valex's investors, shareholders, members or sources of funding, and knowledge and information pertaining to any and all business transactions or relations between Valex and Eagle FC, Inc., FLX Media, Inc., MMAx, LLC, Finskiy, Tawil, Billavov, TrioMedia, Inc., MMA Global Group TSL LLC, TSL Media Enterprises LLC, and Opus Design.  Dkt. No. 44-2 at ECF pp. 4–6.  The document request is broad.  It calls for the following:

> 1. Any and all documents to support any of the information to be provided in response to the testimony of Valex's corporate representative.
>
> 2. Any and all documents pertaining to any transactions between Valex and MMA Global Holdings Corp., Eagle FC, Inc., FLX Media, Inc., MMAx, LLC, Maxim V. Finskiy, Eliot Tawil, Akhmed G. Bilalov, TrioMedia, Inc., MMA Global Group TSL LLC, and TSL Media Enterprises LLC.
>
> 3. Any and all correspondence (including but not limited to emails, text messages, WhatsApp messages) between Valex and MMA Global Holdings Corp., Eagle FC, Inc., FLX Media, Inc., MMAx, LLC, Maxim V. Finskiy, Eliot Tawil, Akhmed G. Bilalov, TrioMedia, Inc., MMA Global Group TSL LLC, and TSL Media Enterprises LLC.

Dkt. No. 44-2 at ECF p. 8.

"Although 'any motion to quash or modify generally must be brought by the nonparty,' a party has standing to move to quash or modify if the party claims 'a personal right or privilege regarding the production nor testimony sought' by the subpoena."  *Dowling v. New York-Presbyterian/Weill Cornell Med. Ctr.*, 2020 WL 1243780, at *2 (S.D.N.Y. Mar. 16, 2020) (quoting 9 Moore's Federal Practice 45.50[3] (2020)); *see also Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. April 24, 2018) (listing examples of personal rights).  Moreover, defense counsel has now been retained by Finskaya and Valex and has submitted notices of appearance on their behalf.  Dkt. No. 47-2.

A subpoena issued pursuant to Federal Rule of Civil Procedure 45 must meet Federal Rule of Civil Procedure 26(b)(1)'s "overriding relevance requirement" and may be quashed by

3

this Court for failure to do so. *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008), *aff'd*, 371 F. App'x 180 (2d Cir. 2010) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Evidence that is irrelevant or may result in undue prejudice is outside the scope of discovery." *Peddy v. L'Oreal USA Inc.*, 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019) (quoting *Rosas v. Alice's Tea Cup*, LLC, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015)).

Plaintiff argues that the subpoenas seek relevant information. Plaintiff claims Finskiy used Valex and his wife as passthroughs, conduits or straw persons to fund the corporate defendants and thus that the documents are relevant to show his control and his status as an employer. He contends that "[i]t . . . became apparent in the Motion to Dismiss that a part of Defendants' strategy is to try to remove personal liabilities from the Individual Defendants, including through the use of Valex, and by extension—Ms. Finskaya—as the shield." Dkt. No. 46 at 2–3. Defendants argue that the subpoenaed documents have no relevance to Plaintiff's claims and are meant to "annoy and harass." *See generally* Dkt. No. 47.

The subpoenas are overbroad on their face. Among other things, the subpoena to Finskaya, calls for documents relating to her relationship with "Defendants," all financial transactions with "Defendants," and all communications with "Defendants," but one of those Defendants is her husband. Plainly, Plaintiff is not entitled in this case to all documents concerning the relationship between a husband and wife and their communications and financial

4

transactions with one another.  Plaintiff also has not explained how documents pertaining to the source of Valex's funding or the transactions it entered into before or after Plaintiff's employment with the corporate defendants is relevant to his claims.  The subpoena to Valex is not bounded in time, is not limited to transactions with the corporate defendants, and makes reference to a number of entities who are not parties to this litigation.  Even as to correspondence with the corporate defendants or individual defendants, the subpoena to Valex is extremely broad in scope.

"[M]odification [of a subpoena] is generally preferred over quashing of a subpoena."  9 Moore's Federal Practice § 45.50[5] (3d ed. 2022).  However, although the parties seemingly agree that the subpoenas are overbroad as drafted, neither side provides the Court sufficient information to narrow the subpoenas.  Accordingly, the Court will hold a conference on the motion to quash on December 20, 2022 at 10:00 a.m.  The parties are directed to meet and confer to attempt to narrow the areas of dispute.  By not later than December 15, 2022, the parties are directed to submit a letter to the Court on ECF identifying by subpoena category the items that are still in dispute, the narrowed definition Plaintiff proposes to give the category, and whether Defendants agree to the narrowed scope.  For each category, Plaintiff may give a one-sentence explanation for the relevance of the requested information.  Defendants may give a one-sentence response.  Plaintiff is warned that an overbroad request may result in the Court quashing the subpoena and Defendants are warned that the Court may disregard an overbroad or frivolous objection to the subpoena.  The Court will then rule upon the request to modify the subpoenas.

SO ORDERED.

Dated: December 12, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge